**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SHARI BRIGGS and BLACKS
HAULING, LLC,**                                              **PLAINTIFFS**

**VS.**                      **CAUSE NO. 3:21-CV-00067-MPM-RP**

**MURPHY-HOFFMAN COMPANY and
PACCAR INC,**                     **DEFENDANTS**

**ORDER**

Defendants Murphy-Hoffman Company and Paccar, Inc. have filed a motion to dismiss the instant breach of warranty action, which arises out of the purchase of a vehicle which is alleged to have been a "lemon" commercial truck. The complaint in this case describes a lengthy ordeal in which plaintiffs were repeatedly forced to seek expensive repairs to their newly-purchased truck, and this court doubts that anyone who has been unfortunate enough to purchase such a vehicle could fail to have sympathy with plaintiffs' plight as described in the complaint. At the same time, this court recognizes that this case must, at the end of the day, be decided based upon the law, rather than sympathy, and it fully intends to do so.

In their motion to dismiss, defendants rely primarily upon language in the sales agreement which disclaimed any and all implied warranties, and this court certainly does not rule out the possibility that it will eventually be forced to dismiss this action on the basis of that disclaimer. However, in cases where it is confronted with factual allegations as strong as those in the instant complaint, this court becomes more inclined to grant plaintiffs a full opportunity to conduct discovery before deciding whether the case should be dismissed on summary judgment. This court concludes that it should follow that practice here, particularly since plaintiffs maintain

that discovery will likely provide them with a defense to defendants' disclaimer of warranty defense. That is, plaintiffs contend that discovery will demonstrate that Shari Briggs was not a "merchant" within the meaning of the Uniform Commercial Code, and they emphasize that Mississippi law only allows implied warranties to be disclaimed in transactions between such merchants. *See* Miss. Code Ann. § 75-2-316(2).

In rebuttal, defendants deny that discovery will establish fact issues in this regard, but this court concludes that, in light of the strength of plaintiffs' factual allegations, it should at least give them an opportunity to conduct discovery on the disputed issues in this case. This court also notes that a settlement conference is set for April 1, 2022, and it certainly believes that this case is one in which any responsible seller should be willing to consider offering some compensation, regardless of any technical legal defenses which it might have. At the same time, this court believes that plaintiffs would be well advised to take a sober look at the weaknesses in their own case, since this action arises in a context in which the ultimate result may depend less upon considerations of equity and fairness and more upon the dry provisions of commercial law, as set forth in the UCC. With these considerations in mind, this court believes that both sides should be able to reach a fair resolution of this case, and it strongly suggests that they attempt to do so at the settlement conference. Regardless of whether they actually do so, this court is not prepared to dismiss this action at this juncture, and defendants' motion to dismiss will therefore be denied, without prejudice to the arguments therein being raised in the context of a motion for summary judgment.

In light of the foregoing, it is ordered that defendants' motion to dismiss is denied.

This, the 18th day of March, 2022.

                                              /s/ Michael P. Mills
                                              **UNITED STATES DISTRICT JUDGE**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**